RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
APR 25 2024
DANIEL J. McCOY, CLERK
BY:_____

(Rev. 8/14/2023)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

JEFFREY A NUNEZ #252583            CASE NO. 2:24-CV-00334 SEC P

VERSUS                              JUDGE JAMES D. CAIN, JR.

SHERIFFS OFFICE CALCASIEU PARISH ET AL      MAGISTRATE JUDGE LEBLANC

**COMPLAINT**
**PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

I.  **Previous Lawsuits**

   a. Have you begun any other lawsuit while incarcerated or detained in any facility?
      Yes ☑   No ☐

   b. If your answer to the preceding question is "Yes," provide the following information.

      1. State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the county of parish):

         _United States District court Western District of Louisiana Lake Charles Division_

      2. Name the parties to the previous lawsuit(s):

         Plaintiffs: _Jeffrey A Nunez #252583 ET AL_

         Defendants: _Calcasieu Parish ET AL_

      3. Docket number(s): _2:24-CV-00157 #4_

      4. Date(s) on which each lawsuit was filed: _Jan 26, 2024_

      5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

         _Still pending_

   c. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
      Yes ☐   No ☑

Page **1** of **4**

(Rev. 8/14/2023)

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

NA

II. a. Name of institution and address of current place of confinement:

Riverbend Detention center 9450 Hwy 65 south Lake prevedence La 71254

b. Is there a prison grievance procedure in this institution?
Yes ☑   No ☐

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit? Yes ☐ No ☑

If "Yes," what is the Administrative Remedy Procedure number?

NA

2. If you did not file an administrative grievance, explain why you have not done so.

They Do not Reply to anthing filed other grievance's filed site pending and are deleted after 30 days and never amwsered

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?

They do not Do any steps They are suppese to They only delet Them So no further steps can be taken They do not reply

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III. Parties to Current Lawsuit:

a. Name of Plaintiff: Jeffrey A Nunez ET AL

(Rev. 8/14/2023)

Address: 9450 Hwy 65 South Lake Providence La 71254

b. Defendant, Calcasieu Correctional center ET AL, is employed as ___N/A___ at ___N/A___.

Defendant, Riverbend Detention center ET AL, is employed as ___NA___ at ___NA___.

Defendant, Calcasieu parish sheriff office ET AL is employed as ___NA___ at ___NA___.

Additional defendants: East Carrol parish sheriff office ET AL

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to the lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS. IF EXTRA PAGES ARE REQUIRED TO STATE THE FACTS OF YOUR CASE, YOU ARE LIMITED TO FIVE TYPEWRITTEN OR TEN LEGIBLE HANDWRITTEN PAGES PURSUANT TO LOCAL CIVIL RULE 3.2.**

Statement of Claim written on 5 pages attached

(Rev. 8/14/2023)

## V. Relief

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

(1) All damages deemed appropriate by The courts from all Detention/correctional center's, sheriff offices etect. In Their official and Individual capacities. (2) All Medical and lawyer fees Be paid related to incident. Past, present and Future. (3) Release to Rehab program of my choice and upon completion of program all charges Be completly dismissed. (4) Temporary Restraining order be immediately Placed to Protect my self from retaliatory methods from all Administrations listed.

## VI. Plaintiff's Declaration

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this __12th__ day of __April__, 20__24__.

Doc # 72 02 32 / parish # 252583
**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons**

_Jeffrey A. Numen_
**Signature of Plaintiff**

## Statement of Claim

On 1-27-2023, Calcasieu Parish Correctional Center, Transfered myself and other offender's to the River Bend Detention Center Knowingly about The inhuman & Severe Risk That have placed my Life/Health in Imminent Danger due to The severe Exposure to Environmental Tabacco Smoke (ETS) or Second Hand Smoke.

Upon Entry to The Facility of Riverbend Detention Center, We are screened by Medical to ask our allergies, I have documented That I am allergic to Smoke and The symptom's I have are Coughing, Sneezing, Migraine Head aches, drousiness, Nausga, Itchy Throat/eyes and shortness of Breath; Therefore This exposes me to higher Risk of serious harm.

Second Hand smoke has Immediate adverse effects on my Caronvascular system and will Cause Caronary Heart Disease and lung cancer.

Please reference The Health Consequences of Involuntary Exposure of (EFS) and Second Hand smoke from The Surgeon General.

Other syptoms are Hypertension and Difficulty Breathing (which I am experiencing amongst The above mentioned symptom's Im Forced to Endore.) As a NoN-Smoker. The Damage is Done

In The River bend Detention center Hand Book page 8 The smoking Policy This Facility is labeled a NoN-Smoking Facility but sells Smoking Tabacco and lighter's to inmates.
They will say They give Smoke breaks to Save face. We are only let out on Phase one P-dorm once a week if That.

(1)

## Statement of Claim

**— Pope vs. State —**

Clearly states that it is unconstitutional to make an offender exaust His Grievance/Administrative Remedies when Human life is in Danger.

**— Farmer vs. Brennan —**

This clearly violates my Constitutional Right. The 8Th/14Th amendment which states about "Cruel and unusual punishment." It also prohibits myself from any other Thing which places my life in Imminent Danger.

Therefore, A Prison officials duty to protect me against such unsafe conditions arises where The inmate (myself and other's) has been placed "under Regime That incapacitates (Him to exercise ordinary responsibilities for his own wellfare.")

**— County of Sacrgmento vs. Lewis (1998) —**

To prove an 8Th/14Th Amendment claim for unconstitutional prison condiction's, an offender must show That He was exposed to an objective Risk of serious Harm and That Prison official's subjectively acted with deliberate Indifference to offender(s) Health, Life or Safety

**— Valentine vs. Collier, 141. S. CT 57 (U.S.2020) —**

Socity has considered That ("ETS") / Second Hand Smoke is Grave and Violates Contemporary standards of decency to expese any one unreasonably to such risk.

Therefore, Subjective Recklessness, Recklessly Disregarding, Criminal Reckless Endangerment, Gross negligance & Diliberate Indifference clearly support The supreme Courts test

(2)

# Statement of Claim

— Helling vs. McKinney, 509 U.S. 25, 33, 35 —

Louisianna Constitution: Article #9
No Law shall impair The right of any person to assembly peaceably or To petition Government for Redress of a Grievance.

Article #20
No Law shall subject any person to Euthanasia, to torture or to Cruel, excessive or unusual punishment.

— Youngberg vs. Romeo, 457 U.S. 307, 321-322 —

Thus Prison officials may not "ignore a condition of confinement That is sure of very likly to cause serious Illness and Needless Suffering".

The 8Th/14Th Amendments protects against Imminent Dangers as well as Current unnecessary and wanton Infliction of Pain and suffering.
— Gabson vs. McCain (2018) —

③

## Statement of Claim

To completely support my claim, upon making it known of my allergies and symptoms. To prison officials, as well as Documented to medical staff. I was Told to deal with it or wear a mask Because This Facility Riverbend detention center sells Smoking products/Tabacco and There is nothing They will do. In Fact, I am charged .50 cents everytime I ask for Tylenol to Alleviate The Migranes/Pain, Nausea and or Irratation of Throat and eyes caused by (ETS) and forced to endure it daily. I am denied any medical Treatment simply Because of indifferent ways of This/These Administrations

### Louisana Smoke-Free Air Act (8-15-2009)

Banned Public, State, Local and Private Detention/correctional Facilities; Evincing Society's Increasing Indifference to (ETS) La. Rs. 40: 1291.11 (B)(14)

The lack of ventilation in housing dormitory also adds additinal Pain/suffering as well as exposure to Environmental smoke Because The lack of concern of Human Life by The Administrations, must be under The ("Deliberate Indifference" standard.)

I am a NoN-Smoker in a dormitory of 88 offenders and of These 88 majoritie are smoker's in Phase 1 P-dorm.

(4)

# Statement of Claim

The Fear of Prison officials is High in Reference to retaliation methods, Because The common Practices are to spray us Inmates/offender's with mase without merit. Even when a inmate/offender is absolutely Not at Fault or requesting for help (He) gets mased and Thrown in The Lock down for days without proper ability to drink water or shower are common disciplenary practices here at Riverbend Detention Center.

The Riverbend Detention Center will say They alot "smoke Breaks" out side, only To save face or public ear. Since my arrival and Subjection to gross amounts of "ETS", You may Review all CCTv-video surveillance for P-dorm Phase 1, To confirm That on average maybe once a week The alleged "smoke Break" may occur. If even That

There are Time's The "ETS"/second hand smoke is so overwhelmingly Thick and unbearable, The plume is as low as from The cieling as The Bunks are tall.

(5)